UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BEVERLY,

       Plaintiff,                             Case No. 14-cv-14423
                                             Hon. Matthew F. Leitman

v.

THOMAS R. COMBS and
JANE E. PRICE,

       Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL OF PLAINTIFF'S COMPLAINT (ECF #1)

### I.    Introduction

Plaintiff Kevin Beverly ("Plaintiff") is a state prisoner currently confined at the Cooper Street Correctional Facility in Detroit, Michigan. Plaintiff, acting *pro se*, has filed this action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants Thomas R. Combs and Jane E. Price (collectively the "Defendants"), both members of the Michigan Parole Board, violated his rights to due process of law and to confront witnesses against him when they prevented him from cross-examining certain witnesses at a parole rescission hearing.[1] (*See* the "Complaint," ECF #1.) Plaintiff seeks monetary damages and other appropriate relief.

_____

[1] Plaintiff consistently refers to the proceedings as a rescission of parole, not a revocation.

On December 1, 2014, pursuant to 28 U.S.C. § 1915(a), the Court granted Plaintiff leave to proceed in this action *in forma pauperis* and without prepayment of the full filing fee.  (*See* ECF #4.)

For the reasons stated below, the Court summarily dismisses the Complaint and concludes that an appeal cannot be taken in good faith.

## II.   Discussion

Pursuant to the Prison Litigation Reform Act, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); *see also* 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court should construe a *pro se* civil rights complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, a *pro se* litigant is not immune from the requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a), for example, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2)-(3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  This rule "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was

caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).   In addition, a plaintiff must allege that the deprivation of rights was intentional, and not merely negligent.  *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *see also Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In his Complaint, Plaintiff alleges a violation of his due process rights under the Fifth and Fourteenth Amendments and his confrontation rights under the Sixth Amendment.  More specifically, Plaintiff alleges that the Defendants, as members of the Michigan Parole Board, violated his Fifth, Sixth, and Fourteenth Amendment rights through the manner in which they conducted the hearing that led to rescission of his parole.  His two claims for relief provide:

> Claim 1:    Plaintiff was denied his rights under the (5) and (14) Amendments to Due Process of law to be allowed to cross-examine his accusers by Defendants Thomas R. Combs and Jane E. Price in the Rescission Hearing Proceedings.
>
> Claim 2:    Plaintiff was deprived of his rights within the 6(th) Amendment of the United States Constitution to cross-examine his accusers by Defendants Thomas R. Combs and Jane E. Price in the Rescission Hearing Proceedings.

(*See* Compl. at 3, Pg. ID 3.)

4

Plaintiff has sued Defendants in both their official capacities as members of the Michigan Parole Board and in their individual capacities.  (*See id.* at 1, Pg. ID 1.)  Plaintiff seeks monetary damages or other appropriate relief.  (*See id.* at 4, Pg. ID 4.)  Defendants, though, are protected in both instances by immunity that bars Plaintiff's lawsuit.

Plaintiff's claims against Defendants in their official capacities – as members of the Michigan Parole Board – is barred by Defendants' immunity under the Eleventh Amendment.  The Eleventh Amendment bars civil rights actions, like the one Plaintiff has filed here, against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983.  *Chaz Const., LLC v. Codell*, 137 Fed. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993).

Because the Michigan Parole Board is an entity within the Michigan Department of Corrections, it is entitled to Eleventh Amendment immunity. *See Lee v. Michigan Parole Board*, 104 Fed. App'x 490, 492 (6th Cir. 2004); *see also Fleming v. Martin*, 24 Fed. App'x 258, 259 (6th Cir. 2001). The Defendants, who are parole board members, are entitled to Eleventh Amendment immunity to the extent Plaintiff attempts to sue them in their official capacities. *See Will*, 491 U.S. at 70-71. Plaintiff's claims against Defendants in their official capacities as members of the Michigan Parole Board must therefore be dismissed.

Plaintiff's claims against Defendants in their individual capacity also fail. Parole board members like Defendants are absolutely immune from liability for their conduct in parole cases when they are exercising their decision-making powers. *See Horton v. Martin*, 137 Fed. App'x 773, 775 (6th Cir. 2005). Here, Plaintiff expressly challenges the decision of the Defendants not to permit him to cross-examine certain witnesses during parole rescission proceedings. This action was clearly taken by Defendants in connection with the exercise of their decision-making powers as members of the parole board. Indeed, it was an exercise of those powers. Plaintiff's claims against the Defendants in their individuals capacities are thus subject to dismissal based upon absolute immunity.

### III.   Conclusion

For the reasons stated above, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.   Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's *pro se* Complaint.

Finally, for the same reasons that the Court dismisses this action, the Court concludes that an appeal from this order cannot be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 30, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113