UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BEVERLY,

      Plaintiff,                                     Case No. 14-cv-14423
                                                Hon. Matthew F. Leitman

v.

THOMAS R. COMBS and
JANE E. PRICE,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE COURT'S SUMMARY DISMISSAL OF PLAINTIFF'S
COMPLAINT**

Plaintiff Kevin Beverly ("Plaintiff") is a state prisoner currently confined at the Cooper Street Correctional Facility in Detroit, Michigan. Plaintiff, acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Defendants Thomas R. Combs and Jane E. Price (collectively, the "Defendants"), both members of the Michigan Parole Board, violated his rights to due process of law and to confront witnesses against him when they prevented him from cross-examining certain witnesses at a parole hearing. (*See* the "Complaint," ECF #1.)

On December 1, 2014, the Court granted Plaintiff leave to proceed in this action *in forma pauperis* and without prepayment of the full filing fee. (*See* ECF #4.) On December 30, 2014, this Court summarily dismissed the Complaint on

the ground that Defendants are immune from Plaintiff's claims in both their official and individual capacities.  (*See* the "Dismissal Order," ECF #5.)  For the same reasons, the Court concluded that an appeal from the Dismissal Order could not be taken in good faith.  (*See id.* at 7.)

On January 23, 2015, Plaintiff filed his instant "Objection to the Court's Order/Opinion in Summary Dismissal of This Case."  (*See* ECF #7.)  The Court will construe Plaintiff's "Objection" as a motion for reconsideration of the Dismissal Order.  (*See id.*, hereinafter the "Motion for Reconsideration.")  Although the Motion for Reconsideration was not timely filed, *see* E.D. Mich. L. R. 7.1(h), the Court will nonetheless consider it.

On a motion for reconsideration, a movant must demonstrate that the court was misled by a "palpable defect."  E.D. Mich. L. R. 7.1(h)(3).  A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain.  *See Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997).  The movant must also show that the defect, if corrected, would result in a different disposition of the case. E.D. Mich. L. R. 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier.  *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff purports to identify two palpable defects in the Dismissal Order. Plaintiff first contends that, pursuant to *Scheuer v. Rhodes*, 416 U.S. 232 (1974), Defendants "are not [immune] from monetary [r]elief in this [a]ction." Plaintiff is incorrect. In *Scheuer*, the United States Supreme Court held that the Eleventh Amendment does not bar a claim "seeking to impose individual and personal liability" on a person acting under color of state law for "a deprivation of federal rights." *Id.* at 238. *Scheuer* is inapposite here because this Court did not dismiss Plaintiff's claims against Defendants in their individual capacities on Eleventh Amendment grounds. Rather, the Court dismissed those claims because "[p]arole board members like Defendants are absolutely immune from liability for their conduct in parole cases when they are exercising their decision-making powers," as they did here. (Dismissal Order at 6 (citing *Horton v. Martin*, 137 Fed. App'x 773, 775 (6th Cir. 2005)).) Plaintiff simply has not demonstrated that the Court was misled by a palpable defect.

Second, Plaintiff argues that the Court erred because "Defendants do not have qualified immunity." (Response at 4.) Plaintiff's argument lacks merit, as the Court's dismissal of Plaintiff's claims was not even remotely based on qualified immunity. Accordingly, Plaintiff has failed to demonstrate any palpable defect in the Dismissal Order.

3

For the reasons discussed in this Order, **IT IS HEREBY ORDERED** that

Plaintiff's Motion for Reconsideration (ECF #7) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on February 23, 2015, by electronic means and/or
ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

4